```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON

ANTHONY R. BUTLER,                 )
                                   )  No. CV-10-3051-CI
          Plaintiff,               )
                                   )  ORDER GRANTING DEFENDANT'S
     v.                            )  MOTION FOR SUMMARY JUDGMENT
                                   )  AND DENYING PLAINTIFF'S
MICHAEL J. ASTRUE,                 )  MOTION FOR SUMMARY JUDGMENT
Commissioner of Social             )
Security,                          )
                                   )
          Defendant.               )
```

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 14, 16.) Attorney D. James Tree represents Anthony R. Butler (Plaintiff); Special Assistant United States Attorney Richard A. Morris represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

## JURISDICTION

Plaintiff protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on April 17, 2006. (Tr. 90-92, 87-89.) Plaintiff alleges disability due to severe panic attacks, racing thoughts, an inability to concentrate, back pain and depression (Tr. 106, 144), with an alleged onset date of October 31, 2005. (Tr. 87, 90.) His claim was denied initially and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

on reconsideration. (Tr. 46-49, 55-60.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on November 4, 2008, before ALJ Paul Gaughen. (Tr. 61, 63-67.) Plaintiff, represented by counsel, and vocational expert Deborah N. Lapoint testified. (Tr. 21-40.) The ALJ denied benefits on December 18, 2008, and the Appeals Council denied review. (Tr. 10-18, 1-3.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff testified he was 26 years old with a high-school education. (Tr. 31.) Plaintiff has past work experience as a computer operator, cook, laborer and phone operator. (Tr. 113.) Plaintiff testified he lives with his girlfriend and her daughter in an apartment. (Tr. 33.) Plaintiff testified that an inability to sit or stand for long periods, a need to lie down frequently, and mental issues prevent him from returning to his previous work. (Tr. 32-33.)

### ADMINISTRATIVE DECISION

ALJ Gaughen found Plaintiff's date of last insured for DIB purposes was September 30, 2010. (Tr. 12, Finding 1.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 31, 2005, the alleged onset date. (*Id.*, Finding 2.) At step two, he found Plaintiff had severe impairments of "an affective/mood disorder and obesity." (Tr. 12, Finding 3.) He concluded Plaintiff's back pain was not severe. (Tr. 14.) The ALJ determined at step three Plaintiff's medically determinable

impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 14, Finding 4.) After step three, the ALJ found Plaintiff "has the residual functional capacity to perform *light* work . . . with nonexertional social functioning limitations for minimal interaction with co-workers, and no work requiring higher level social skills or collaboration with others." (Tr. 15, Finding 5.) The ALJ found Plaintiff's alleged limitations were not credible as to their intensity, persistence and limiting effects to the extent they are incompatible with the ALJ's RFC determination. (Tr. 17.) At step four, the ALJ determined Plaintiff could perform his past relevant work ("PRW") as a computer specialist/operator because "this work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity." (*Id.*, Finding 6.) As a result, the ALJ found Plaintiff "has not been under a disability, as defined in the Social Security Act from October 31, 2005," through December 18, 2008, the date of the ALJ's decision. (Tr. 18, Finding 7.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a medically determinable physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). This requires the presentation of "'complete and detailed objective medical reports of [his] condition from licensed medical professionals.'" *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (*quoting Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

If a claimant cannot do his PRW, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

**ISSUES**

The question is whether the ALJ's decision is supported by

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when he: (1) found Plaintiff not credible; (2) rejected the DSHS evaluation opinions of Plaintiff's treating mental health providers; and (3) failed to conduct a proper step four assessment. (ECF No. 15.)  Defendant contends the ALJ's decision is supported by substantial evidence and free of legal error.  (ECF No. 17.)

**DISCUSSION**

**A.   Credibility**

Plaintiff argues the ALJ erred "in failing to provide valid reasons for rejecting the [Plaintiff's] own subjective complaints." (ECF No. 15 at 15.)  In making a credibility determination, the ALJ must engage in a two-step process. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, a claimant must establish the existence of an impairment which can reasonably be expected to cause his alleged pain or limitations. *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986).  Once the existence of an impairment has been established, the ALJ must determine the credibility of the claimant's complaints of pain and limitations.  Unless there is affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons to indicate the ALJ has not arbitrarily rejected a claimant's testimony.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

When assessing a claimant's credibility, the lack of objective medical evidence is a proper factor to consider along with: a claimant's treatment history; daily activities; work record; a claimant's reputation for truthfulness; inconsistencies in his testimony, or between his testimony and conduct observations of physicians and third parties with personal knowledge of the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

claimant's symptoms. *Id.; quoting Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Social Security Ruling* ("*SSR*") 96-7p.[1] It is also proper to consider evidence of disability-seeking motivation in evaluation of credibility. *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998). So long as the ALJ's decision to reject a claimant's subjective complaints is based on substantial evidence, the court may not engage in second-guessing. *Thomas*, 278 F.3d at 959.

Plaintiff argues the ALJ gave only "a vague assertion that the medical evidence does not support his claims." (ECF No. 15 at 16.) Plaintiff's argument is unavailing because the ALJ summarized the Plaintiff's testimony and pointed to particular evidence which undermined the alleged severity of his limitations. (Tr. 15-17.) While finding Plaintiff not credible based solely on a lack of objective medical evidence to support pain or other limitations is not proper, *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Cotton*, 799 F.2d at 1407, the ALJ gave additional reasons including (1) inconsistent statements to medical providers; (2) specific observations of Plaintiff's treatment providers about inconsistent symptoms; (3) evidence from examining psychiatrist Jay Toews, Ed.D., who diagnosed Plaintiff with probable disability-seeking motivation,

---

[1] Social Security Rulings are issued to clarify the Regulations and policy. They are not published in the federal register and do not have the force of law. However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3. (9th Cir. 1991).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

finding no evidence of either bipolar disorder or schizoaffective disorder; and (4) evidence regarding Plaintiff's activities of daily living.  (Tr. 16-17.)

To support his finding Plaintiff's alleged limitations were not supported by objective medical evidence, the ALJ relied on information from Plaintiff's treating provider, Peter Harveson, M.D. (Tr. 16.)  In June 2007, Dr. Harveson opined Plaintiff was limited to "light work."  (Tr. 245.)  In July 2007, Plaintiff received an MRI which showed a "3 mm central posterior disc protrusion L5-S1 causing mild effacement upon the ventral surface of the thecal sac.  Moderate degenerative disc disease L5-S1.  No evidence of spinal stenosis or neuroforaminal compromise."  (Tr. 255.)  After physical therapy, Dr. Harveson noted in June 2008 "[Plaintiff] is actually doing better."  (Tr. 357.)  He was using a TENS unit with success.  (*Id.*)  In October 2008, Plaintiff's back was still bothering him, but he noted physical therapy exercises help "when he does them."  (Tr. 359.)  Importantly, there is no opinion from Dr. Harveson after June 2007, and there is no medical opinion noting Plaintiff's alleged need to lie down frequently.  Further, to the extent Plaintiff's back pain causes limitations, this is included in the ALJ's RFC determination which limited Plaintiff to no more than "light" work, as Dr. Harveson suggested.  (Tr. 15.)  The propriety of the RFC finding is discussed below.  In sum, the record supports the ALJ's conclusion that medical evidence does not support Plaintiff's allegations of disabling limitations.

In addition to finding Plaintiff's alleged physical limitations were not supported by the objective medical evidence, the ALJ found Plaintiff was not credible due to his inconsistent statements to

medical providers regarding his psychiatric history. (Tr. 17.) In March 2006, Plaintiff reported a single suicide attempt as a teenager with no treatment afterwards. (Tr. 178.) In October 2006, Plaintiff reported to Dr. Toews that he had a nervous breakdown as a teen and attempted suicide by carbon monoxide poisoning three times. (Tr. 199.) By contrast, in 2008, he reports a single suicide attempt by carbon monoxide poisoning and an attempted drowning in the Yakima River, both attempts stopped by him with treatment following. (Tr. 277.) As an ALJ may reject a Plaintiff's subjective limitations based on inconsistent statements to medical providers, the ALJ did not err. *Smolen*, 80 F.3d at 1284 (noting "the ALJ may consider . . . ordinary techniques of credibility evaluation, such as . . . prior inconsistent statements . . . .")

The ALJ also found Plaintiff's credibility was undermined by observations of Plaintiff's medical providers. (Tr. 17.) For example, Plaintiff made complaints of visual, auditory, tactile and olfactory hallucinations. However, Plaintiff's mental health providers have questioned whether he actually suffers from hallucinations. (Tr. 192, 200, 222, 293.) In treatment records, a provider from Central Washington Comprehensive Mental Health (CWCMH) observed that "[i]t is truly unclear at this time what [Plaintiff's] presentation is reflective of." (Tr. 293.) In January 2007, Lisa Vickers, ARNP noted, "The point was brought up to [Plaintiff] today that his presentation to Kenneth Hails [his case manager] and his presentation to me are somewhat inconsistent." (Tr. 286.) Ms. Vickers also found "[Plaintiff] continues to present with mixed symptomatology as well as incongruence between therapist, case

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

manager, and provider." (Tr. 288.)[2] As inconsistent statements and observations by third parties concerning the nature, severity and effect of symptoms are both proper reasons to reject a claimant's testimony, the ALJ did not err. *Thomas*, 278 F.3d at 958-59.

Additionally, the ALJ's negative credibility assessment is supported by evidence of disability-seeking behavior. (Tr. 17.) Dr. Toews evaluated Plaintiff and assessed "[d]isability seeking motivation, probable." (Tr. 197-201.) Dr. Toews found Plaintiff complained of "being depressed and slow" but that "[s]tructured interview technique did not produce information supporting depression, anxiety, ADD, or PTSD." (Tr. 200.) Treatment records from CWCMH state, "He seems very content with staying home and doing nothing." (Tr. 182.) The ALJ also based his negative credibility finding on Plaintiff's reported activities of daily living. (Tr. 16.) In reports to evaluating and treating sources, Plaintiff reported "a full complement of independent living skills," getting along with neighbors, adjusting well in a move from Utah to Yakima, and having friends. (Tr. 180, 199.) He also reported he enjoyed going to the park or out to eat with friends. (Tr. 199.) Because the ALJ properly considered objective medical evidence as a factor in his credibility determination and gave additional proper reasons for finding Plaintiff not credible, all supported by substantial

---

[2] As to Ms. Vickers' observation, reviewing provider Mary Gentile, Ph.D., stated Plaintiff's "'[c]onflicting symptomatology' noted in recent psych[iatric] eval[uation] is best explained by [claimant] feigning psychological problems to secure funds to stay home and do nothing/play videogames." (Tr. 204.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

record evidence, the ALJ did not err. *Burch*, 400 F.3d at 680-81.

**B.   Medical Opinion Evidence**

Plaintiff argues the ALJ erred in rejecting the DSHS evaluations of his treating mental health counselors. (ECF No. 15 at 9.) The regulations distinguish between opinions given by "acceptable medical sources" and "other sources." 20 C.F.R. §§ 404.1513, 416.913. "Acceptable medical sources" include "licensed physicians" and "licensed or certified psychologists." 20 C.F.R. §§ 404.1513(a)(1), (2); 404.913(a)(1), (2). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). The opinion of an "acceptable medical source" is given more weight than the opinion of an "other source," 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996), except where the factors of 20 C.F.R. §§ 404.1527(d), 416.927(d) lead to a determination the "other source" should be given greater weight than an "acceptable medical source." *SSR* 06-3p. The ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1231-32 (9th Cir. 1987). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), to reject the opinion of an "other source," the ALJ must give reasons "germane" to "other source" testimony.

Here, the ALJ explained his reasons to reject the DSHS evaluations:

> The evidence also includes a number of Department of Social and Health (DSHS) pre-printed psychological evaluation assessment forms indicating that the claimant had numerous "moderate" and "marked" cognitive and social limitations. (Exhibits 2F; 11F; 12F; 14F; 18F) They are

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

>rejected for numerous obvious reasons. First and foremost, they are not supported by any evidence. By his own admission, his treatment has been exceptionally limited, more specifically, limited to medication only. Therefore, these pre-printed check-mark limitation indications appeared to be based solely on the claimant's reported complaints as there is no objective or even clinical evidence supporting these severity rating indications. In fact, on the most recent July 2008 one, it was specifically indicated that the severity degree was "<u>by self report</u>". It can also be noted that DSHS evaluations are known to be lenient, and for the primary purpose of temporarily continuing claimants' assistance benefits.

(Tr. 16.)

This reasoning shows the ALJ rejected Plaintiff's DSHS evaluations because (1) they are not supported by any evidence, (2) they are based on Plaintiff's properly rejected subjective complaints, and (3) DSHS evaluations are known to be lenient and therefore entitled to less weight. Defendant concedes the last reason offered is improper, but Defendant argues the remaining reasons are both proper and supported by substantial evidence. (ECF No. 17 at 10.) In addition to arguing the ALJ's assertion as to "known leniency" of DSHS evaluations is improper as Defendant concedes, Plaintiff argues this assertion tainted his evaluation of the DSHS reports and made it impossible for the court or the Plaintiff to know the weight these reports would have been given without that belief. (ECF No. 15 at 15; ECF No. 18 at 3.) Plaintiff also argues the ALJ's rejection of the DSHS evaluations is erroneous because the ALJ did not afford them the "great deference" due opinions from treating sources. (ECF No. 15 at 9.)

As to Plaintiff's argument the ALJ's assertion as to "known leniency" tainted his evaluation of the DSHS evaluations, this argument fails. The ALJ actually accepted one DSHS evaluation (Tr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12

17) which shows the ALJ's assertion did not interfere with his review of the DSHS opinions. Even though one reason supplied is not proper, the ALJ's finding will be upheld if substantial evidence supports the remaining reasons. *Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

As to the evidence supporting the rejection of Plaintiff's DSHS evaluations, the ALJ found that the evaluations were not supported by objective findings. (Tr. 16.) In the May 2006 evaluation, Christopher Clark, LMHC, states treatment results to date were based on Plaintiff "attend[ing] assessment on [a] walk-in basis." (Tr. 173.) Similarly, the May 2007 report from Paul Harman, MSW concluded Plaintiff has bipolar disorder "by history" and noted "[Plaintiff] reports distress when he is around others and reports having anxiety attacks. His reported symptoms are inconsistent with reported attacks." (Tr. 238-39.) Further, in her July 2008 report, Kathleen Schormann, MHP, also notes her findings are based on Plaintiff's self-report. (Tr. 257.) None of the reports include either results of objective testing provided by that particular provider or an opinion based on review of objective testing performed by another mental health provider. As an ALJ may reject an "acceptable medical source's" opinion which is brief, conclusory and inadequately supported by objective medical evidence, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004), this is a proper reason to reject the DSHS "other source" evaluations. Because substantial evidence supports the ALJ's rejection of the DSHS evaluations, the ALJ did not err.

As to Plaintiff's contention the ALJ improperly denied the DSHS evaluations the "great deference" deserved by opinions from treating

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13

sources, only medical opinions from treating "acceptable medical sources" are deserving of "controlling weight." *SSR* 96-2.  While the factors of 20 C.F.R. §§ 404.1527(d) and 416.927(d) may lead to a conclusion that an "other source" is deserving of greater weight than an "acceptable medical source," only treating source medical opinions can be given "controlling" weight and only "acceptable medical sources" may give "medical opinions."   20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *SSR* 06-03p; *SSR* 96-2p.  As a result, there is no error in the ALJ's failure to accord greater deference to Plaintiff's treating "other source" opinions as Plaintiff alleges.  As discussed above, the ALJ's decision to reject the DSHS evaluations was based on proper reasons supported by substantial evidence and therefore, the ALJ did not err.

**C.   Step Four**

Plaintiff argues "the ALJ failed to make the requisite findings at each phase of step four."  (ECF No. 15 at 18.)  At step four of the sequential evaluation process, claimant must establish that his severe impairment or combination of impairments prevent him from doing his PRW.  *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  *SSR* 82-62 states,

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

*See also Pinto*, 249 F.3d at 844-45.  While Plaintiff continues to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 14

carry the burden at step four, as the 10th Circuit has recognized, there is "tension created when the mandate of *SSR* 82-62 is transposed on claimant's step four burden of proof." *Henrie v. U.S. Dept. Of Health & Human Serv.*, 13 F.3d 359, 361 (10th Cir. 1993) (finding "the ALJ's duty is one of inquiry and factual development [while] the claimant continues to bear the ultimate burden of proving disability"). Evidence of the physical and mental demands of a particular job is found primarily in statements and vocational documentation by the claimant in the record; with supplementary information from the *Dictionary of Occupational Titles (DICOT)*, other administratively recognized publications, or vocational expert testimony. *SSR* 82-61, 82-62.

Under 20 C.F.R. §§ 404.1520(e) and 416.920(e), "a claimant will be found to be 'not disabled' when it is determined that he . . . retains the RFC to perform: (1) The actual functional demands and job duties of a particular past relevant job; or (2) The functional demands and job duties of the occupation as generally required by employers throughout the national economy." *SSR* 82-61; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (at step four, the ALJ must determine if a claimant is "able to perform [his] past relevant work either as actually performed or as generally performed in the national economy").

Plaintiff specifically argues the ALJ erred by (1) not including all of Plaintiff's limitations in his RFC,[3] (2) failing to

---

[3] In a footnote, Plaintiff states, "Despite acknowledging that the claimant suffers from morbid obesity, the ALJ failed to consider this impairment in combination with the claimant's other impairments

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 15

make findings regarding the specific demands of Plaintiff's PRW, and (3) failing to compare the specific demands of Plaintiff's PRW with his specific functional limitations. (ECF No. 15 at 18.) As to Plaintiff's first argument, the ALJ's hypothetical need only include those limitations which the ALJ finds credible. *Magallanes v. Bowen* 881 F.2d 747, 756-57 (9th Cir. 1989). Because limitations alleged both by Plaintiff and Plaintiff's treating mental health counselors were properly rejected as discussed above, the ALJ did not err by excluding these rejected limitations in the hypothetical posed to the VE.

As to Plaintiff's argument the ALJ failed to make findings as to the demands of Plaintiff's PRW, this information is in the record, including testimony elicited from Plaintiff and the VE. During the hearing, the Plaintiff's attorney asked Plaintiff questions in response to requests for information identified by the VE at the opening of the hearing. (Tr. 25.) Plaintiff testified

---

as required by SSR 02-1p. In fact, after noting that it constituted a severe impairment, the ALJ essentially ignored it completely." (ECF No. 15 at 17, n.1; ECF No. 18 at 7, n.1.) This statement fails to show how any error has prejudiced Plaintiff. *Burch*, 400 F.3d at 681-83. Plaintiff also does not argue his obesity exacerbates his other impairments. *Id.* The court does not address this issue because Plaintiff does not argue with specificity. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Further, the hearing transcript shows the ALJ limited Plaintiff to a light level of work based at least in part on Plaintiff's obesity. (Tr. 37.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 16

his work as a computer specialist/operator was "in the backroom working on computers . . . without a lot of client or public contact." (*Id.*)  In addition, Plaintiff provided written information as to the physical demands of his PRW as a computer operator. (Tr. 107-08.)  The ALJ's step four finding that Plaintiff's past work "does not require the performance of work-related activities precluded by [his] residual functional capacity," is supported by substantial evidence in the record.  Even assuming the step four findings lacked the specificity contemplated by SSR 82-62, any error is harmless because the remand for correction of the error would not change the outcome. *Stout*, 454 F.3d at 1055; *see also, Shinseki v. Sanders*, 129 S.Ct. 1696, 1706 (2009) (burden of showing error falls with claimant.)

As to findings regarding Plaintiff's PRW as generally found in the national economy, the ALJ made no specific finding on that matter.  However, there is no error because the ALJ met his burden by finding Plaintiff can do his PRW as actually performed. *Lewis v. Barnhart*, 281 F.3d at 1083.  Because the record includes information as to the demands of Plaintiff's PRW and the ALJ made findings as to how Plaintiff's PRW was actually performed, the ALJ's decision Plaintiff could return to his PRW as a computer specialist/operator is not erroneous.

In sum, the ALJ did not err in finding Plaintiff not credible, in his evaluation of medical opinion evidence or at step four.  The ALJ's decision is supported by substantial evidence and is without legal error.  Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 17

**DENIED;**

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  The file shall be closed and judgment entered for Defendant.

DATED November 23, 2011.


                              S/ CYNTHIA IMBROGNO
                         UNITED STATES MAGISTRATE JUDGE